IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUCI LEYKUM, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:20-cv-00478-OLG |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| HEALTH SCIENCE CENTER AT | § | |
| SAN ANTONIO, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY OF JANET BICKEL

The Court should exercise its gatekeeping function to exclude the proposed expert testimony of Janet Bickel. Her opinions are fundamentally unsupported and, accordingly, wholly unreliable. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). She did not perform any analysis of the facts or evidence in this case—indeed, she does not even recall how she came to be retained as an expert in this case—and offered opinions in her deposition based on her "general impressions." Appx. 51, 56 (Bickel Depo 41:8–15, 59:12–15).[1] Plaintiff bears the burden proving that Bickel's testimony is reliable; Plaintiff's Response demonstrates this is a burden she cannot meet. *See Browning v. Sw. Research Inst.*, Civ. A. No. SA-05-CA-0245-FB, 2006 WL 659921, at *2 (W.D. Tex. Aug. 17, 2006).

---

[1] Citations to "Appx." refer to the Appendix to Defendant's Motion to Exclude, Dkt. #78-1.

# I.   ARGUMENTS & AUTHORITIES

## A.   Bickel's opinions are nothing more than impermissible *ipse dixit* testimony.

"Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987); *see also Kumho Tire Co.*, 526 U.S. at 157 (noting that "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert") (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)) (internal quotation marks omitted). While Bickel need not "disprov[e] or discredit[] every possible cause" of Plaintiff's salary reduction to render her opinion admissible, she should not be permitted to offer expert opinions all of which relate to Plaintiff's compensation when she has not even read the Compensation Plan at issue. *See id.* at 424. Here, Bickel proposes to offer expert testimony that "this is a clear case of system-perpetuated gender-based discrimination," Appx. 39, despite the fact that she has not reviewed any documents in this case (or even been provided documents to review) and testified that she is wholly unaware of the relevant facts and documents central to Plaintiff's claims. Appx. 46, 64–65 (Bickel Depo 20:20–22, 91:7–93:21, 94:4–97:7). Similarly, Bickel intends to opine about the "history" of "gender disparities" at UTHSCSA, but she cannot recall any faculty member at UTHSCSA ever conveying a concern to her about gender inequity. Appx. 39; Appx. 61 (Bickel Depo 81:13–16).

It is uncontested that Bickel did not review evidence and then formulate an opinion based on her analysis of that evidence. Instead, she determined to offer opinions—wholly detached from any analysis—that are most advantageous to Plaintiff's claims. This is not surprising when Bickel's future employment is dependent on Plaintiff. Appx. 61 (Bickel Depo 78:1–3). When an expert "forms an opinion before [s]he begins h[er] research," that expert is "biased and lacking in objectivity," which signifies to the Court that her opinion is unreliable. *Viterbo*, 826 F.2d at 423 n.2 (citing *Perry v. United States*, 755 F.2d 888 (11th Cir. 1985)). While Plaintiff may believe Bickel "knows what she is talking

about when she talks about gender issues," respectfully, she cannot "know[] what she is talking about" when it comes to *this* case, because she did not perform any analysis of the facts or evidence that would allow her to opine about "whether she sees evidence of bias and retaliation in Dr. Leykum's treatment." Dkt. #79 at 1. Bickel's testimony should be excluded.

Plaintiff cannot cure the deficiencies in Bickel's proposed expert testimony by simply offering the conclusory assertion that "the way [Bickel] . . . forms her opinions are the same methods that other experts in her field gather their information and make their findings." Dkt. #79 at 6. "Though courts have afforded experts a wide latitude in picking and choosing the sources on which to base opinions, Rule 703 nonetheless requires courts to examine the reliability of those sources." *Viterbo*, 826 F.2d at 423 (quoting *Soden v. Freightliner Corp.*, 714 F.2d 498, 505 (5th Cir. 1983) (internal quotation marks omitted); *see also Browning*, 2006 WL 6549921, at *2 (citing *Daubert*, 509 U.S. at 592) (holding that the "determination of reliability includes a preliminary determination whether the reasoning or methodology underlying the testimony is valid, and then, whether that reasoning or methodology was, or can be, properly applied to the facts in issue").

Even when an expert relies on sources that may generally be considered reliable, if the expert fails to consider evidence central to the issues in the case, it renders her opinion unsupported and ultimately inadmissible. *Viterbo*, 826 F.2d at 423–424. Here, the bases for Bickel's opinions include the following:

- General, "informal conversations" with Plaintiff, who did not provide her "with any specifics" and Bickel did not make any effort to verify the information;

- "informal interactions" with various people at other universities;

- "comments . . . shared with [her]" and "informal interactions" at UTHSCSA dating back almost 30 years—long before Plaintiff was employed at UTHSCSA and none of which she researched, investigated, or verified.

Appx. 61, 63–65, 67 (Bickel Depo 80:11–25, 85:18–86:9, 94:9–16, 95:4–97:7, 101:9–104:16). These sources are insufficient to support Bickel's conclusions in this case. Whatever reliability her opinions might have had are irreparably damaged by what she *failed* to consider—like, for example, Plaintiff's salary and the Department of Medicine Compensation Plan. *See Viterbo*, 826 F.2d at 423; Appx. 65 (Bickel Depo 96:9–97:7).

While Plaintiff contends these deficiencies go to the weight of Bickel's opinions and not their admissibility, if that were always true, it would obviate the Court's role as a gatekeeper of expert testimony. *See* Dkt. #79 at 6. The Court should exclude Bickel's testimony as unreliable.

**B.     Bickel's opinions should not be admitted as "social framework" testimony.**

Plaintiff's Response attempts to cure Bickel's failure to review any pertinent documents by asserting—for the first time—that Bickel will offer "social framework or sociological testimony." Dkt. #79 at 2. In her Response, Plaintiff asserts—again, for the first time—that Bickel will "provide general principles and factors for the jury to consider in determining whether [gender] inequities exist in Dr. Reeve[s]' plan," including "how even using compensation benchmarks such as the AAMC survey are susceptible to gender bias." *Id.* at 5. But Bickel herself is seemingly unaware that she has ostensibly been retained to provide these opinions. At her deposition, she testified she had never even seen a compensation plan before and when Plaintiff's counsel asked a series of questions related to whether AAMC benchmarks "would be susceptible to gender bias," Bickel testified: "There's –yeah. *I'm not quite sure what you're getting at here.*" Appx. 71–72 (Bickel Depo 121:8–9, 124:1–125:5) (emphasis added).

While some courts admit social framework testimony, numerous courts do not. *See Mullenix v. The Univ. of Tex. at Austin*, No. 1:19-cv-1203-LY-SH, 2021 WL 4304815, at *4–*7 (W.D. Tex. Sept. 21, 2021); *E.E.O.C. v. Bloomberg L.P.*, No. 07 CIV. 8383 LAP, 2010 WL 3466370, at *14–*15 (S.D.N.Y. Aug. 31, 2010) (rejecting social framework testimony when the purported expert "relied on insufficient

facts and data" and "simply assumed the validity of the allegations of the claimants in this case"); *Van v. Ford Motor Co.*, 332 F.R.D. 249, 267 (N.D. Ill. 2019) (excluding specific causation social framework testimony where plaintiff failed to identify any reliable methodology used by expert and "the Court [was] unable to determine how [the expert] reached her opinions"). The Supreme Court of the United States has recognized it could "safely disregard" social framework testimony as unhelpful in deciding discrimination cases. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 355 n.8 (2011). But whether this Court believes social framework testimony is helpful to the jury or not, it still should exercise its gatekeeping function in determining whether the testimony being offered in *this* case meets the *Daubert* reliability standards. Respectfully, for the reasons discussed *infra* and in UTHSCSA's Motion to Exclude, Bickel's report and testimony do not bear such indicia of reliability.

Plaintiff's effort to analogize Bickel's proposed testimony to the social framework testimony offered by Dr. Peter Glick in *Nikolova v. University of Texas at Austin*, only highlights why Bickel's testimony should be excluded. *See* Dkt. #79 at 3. Setting aside the issue of admissibility of social framework testimony generally, comparing Glick's report to Bickel's is like comparing a puddle to a lake. While they are both water, they are otherwise incomparable. Glick offered an expert report that was 76-pages long while Bickel's report is not even 3-pages. *Compare* Report prepared by Dr. Peter Glick, Ph.D., *Nikolova v. Univ. of Tex. at Austin*, No. 1:19-cv-00877, 2021 WL 5983140 (W.D. Tex. April 19, 2021), ECF No. 49-1, *with* Appx. 38–40. Glick devoted three times as many pages as Bickel's entire report just to background information on scientific research on stereotyping and discrimination and included more than 50 citations in that background section alone. By contrast, Bickel's report contains no citations at all. And while Judge Pitman admitted portions of Glick's testimony in *Nikolova*, in another case in the Western District involving The University of Texas at Austin, the Court excluded Glick's social framework testimony as unreliable. *Mullenix v. The Univ. of Tex. at Austin*, No. 1-19-cv-1203-LY-SH, 2021 WL 4304815, at *4–*7 (W.D. Tex. Sept. 21, 2021).

Moreover, while Plaintiff relies on *Price Waterhouse v. Hopkins*, 490 U.S. 228, 255–56 (1989) for the proposition that an expert can "discern[]" and "identify[]"indicia of discrimination by evaluating written documents," Dkt. #79 at 3, here, Bickel did not review *any* documents in this case other than another witness's testimony—and Bickel does not know whether she reviewed the testimony before or after she drafted her report. Appx. 38–40, 46, 58 (Bickel Depo 20:12–22, 21:3–5, 21:10–22, 66:8–16). Nor has Plaintiff provided Bickel any documents to evaluate for bias. Appx. 46 (Bickel Depo 20:20–22).

Federal Rule of Civil Procedure 26 requires Plaintiff to have disclosed "a complete statement of all opinions the witness will express and the basis and reasons for them." While Plaintiff contends that Bickel "will be able to provide general principles and factors for the jury to consider in determining whether [gender] inequities exist in Dr. Reeve[s]' plan," she fails to provide any citation to Bickel's report or deposition testimony that discloses that information. Dkt. #79 at 5. At best, her report merely indicates that the AAMC benchmarks included in the Compensation Plan are "relatively useless"—not discriminatory. Appx. 40. Bickel testified that her opinions were limited to those offered in her report. Appx. 59 (Bickel Depo 66:1–4). There is nothing in her report outlining factors to consider in determining whether gender inequities exist in a compensation plan; she has never even *seen* a compensation plan. *See* Appx. 38–40; Appx. 71 (Bickel Depo 121:8–9). Plaintiff cannot now overcome a Motion to Exclude by changing the testimony for which Bickel has been designated. Having failed to disclose these opinions, they should be excluded.

## II.   CONCLUSION

Because Plaintiff fails to establish that Bickel's testimony is reliable, the admission of her testimony would render it more prejudicial than probative. *See Viterbo*, 826 F.3d at 422. For the foregoing reasons and the reasons detailed in UTHSCSA's Motion to Exclude, the proposed expert testimony of Janet Bickel should be excluded.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief, General Litigation Division

*/s/ Amy S. Hilton*
**AMY S. HILTON**
Assistant Attorney General
General Litigation Division
State Bar No. 24097834
Capitol Station
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1327
Facsimile: (512) 320-0667
amy.hilton@oag.texas.gov

**Attorneys for Defendant**

CERTIFICATE OF SERVICE

I certify that on March 24, 2022 this document was served on the following counsel of record

through the Court's CM/ECF Document Filing System or through e-mail:

Colin Walsh
Jairo Castellanos
WILEY WALSH, P.C.
1011 San Jacinto Blvd., Suite 401
Austin, Texas 78701
colin@wileywalsh.com
jairo@wileywalsh.com

Kennedy Hatfield Asel
FORD MURRAY
10001 Reunion Place, Suite 640
San Antonio, TX 78216
hatfieldasel@fordmurray.com

**Attorneys for Plaintiff**

/s/  *Amy S. Hilton*
**AMY S. HILTON**
Assistant Attorney General